**SIGNED.**

Dated: June 06, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK C. CAMPILLO, JR., and GRACE G. CAMPILLO, | No. 4:08-bk-02861-JMM |
| Debtors. | **MEMORANDUM DECISION** |

The court has considered the Debtors' petition to retain the economic stimulus payment (Dkt. #13), and the Trustee's response (Dkt. #15), and finds and concludes.

## FINDINGS OF FACT

1. Congress passed the Economic Stimulus Act (the "Act"), Pub. L. No. 110-185, 122 Stat. 613, and the President signed it on February 13, 2008.

2. The Debtors filed for chapter 7 relief on March 19, 2008.

3. The Debtors are (or may be) entitled to an Economic Stimulus payment now or in the foreseeable future.

## CONCLUSIONS OF LAW

1. The Economic Stimulus payment is property of the estate under the broad scope of 11 U.S.C. § 541(a)(1). In re Ryerson, 30 B.R. 541, 542 (9th Cir. BAP 1983) (scope of § 541(a) is broad), aff'd, 739 F.2d 1423 (9th Cir. 1984); Kokoszka v. Belford, 417 U.S. 642, 646, 94 S.Ct.

2431, 2434, 41 L.Ed.2d 374 (1974) ("[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel . . . . .").

    2. The right to receive such payment existed pre-petition, and that right passed to the Trustee. 11 U.S.C. 541(a)(1) (property of the estate defined as "all legal or equitable interests of the debtor in property as of the commencement of the case"); In re Ryerson, 739 F.2d 1423, 1425 (9th Cir. 1984) (contingent interest in payments due under a pre-petition contract was property of the estate and passed to Trustee); cf. In re Andrews, __ B.R. __, 2008 WL 1977529 (Bankr. D. Utah May 6, 2008) (Economic Stimulus payment was not property of the estate where legislation was enacted postpetition); In re Gould, __ B.R. __, 2008 WL 906395 (Bankr. N.D. Cal. March 31, 2008) (contingent or unliquidated claim for tax refund for pre-petition taxable year is property of the estate) (citing Kokoszka, supra).

    3. The Economic Stimulus payment is not exempt under the Act or under other federal or state law. See, e.g., 11 U.S.C. 522(b); Ariz. Rev. Stat. § 33-1126 (money benefits or proceeds exemption); cf. In re Ferns, 232 B.R. 453, 456 (Bankr. D. Ariz. 1999) (earned income credit ("EIC") not exempt under federal law); In re Builder, 368 B.R. 10, 11 (Bankr. D. Ariz. 2007) (EIC not exempt under state law).

    4. The Debtors' policy arguments are unpersuasive. If Congress had intended to exclude such payments from the scope of § 541(a), or to include them under the § 522 exemptions, it could have said so. See Lamie v. U.S. Trustee, 540 U.S. 526, 538, 124 S.Ct. 1023, 1032, 157 L.Ed.2d 1024 (2004) (courts should not add terms to statute that Congress omitted, nor rewrite rules that Congress has affirmatively and specifically enacted.) Nor can this court rewrite the Arizona statutes to reach the Debtors' desired result. Bowslaugh v. Bowslaugh, 126 Ariz. 517, 519, 617 P.2d 25, 27 (Ariz. 1979).

    The Debtors' petition to retain the payment will be DENIED. A separate order will enter.

    DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Eric Ollason
182 N. Court Ave.
Tucson, AZ 85701                              Email eollason@182court.com

Gayle Eskay Mills, Trustee
P.O. Box 36317
Tucson, AZ 85740                              Email Gayle.Mills@azbar.org

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ  85003-1706                       U.S. Mail


By  /s/  M. B. Thompson
         Judicial Assistant

SIGNED